# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In Re:<br><br>Shirley Semer<br><br>    Debtor(s)<br><br>Carla Morsey<br><br>    Plaintiff(s)<br><br>v.<br><br>Shirley Semer<br><br>    Defendant(s) | **JUDGE RICHARD L. SPEER**<br><br>Case No. 11-3266<br><br>(Related Case: 11-35467) |

## DECISION AND ORDER

The matter now before the Court is based upon a prior order entered in this proceeding. In the prior Order, the Court, based upon a determination that the Plaintiff's claim was a nondischargeable debt, required the Plaintiff to submit an itemized list of her actual damages, including attorney fees, as a prerequisite to the entry of a monetary judgment in her favor. The Plaintiff has since submitted this list, with the Defendant filing a response thereto. Based upon a review of the materials submitted by the Parties, the Court finds that a monetary judgment in the amount of $47,697.80 should be entered in the Plaintiff's favor.

## PROCEDURAL HISTORY

After a Trial held on the Plaintiff's Complaint to Determine Dischargeability, the Court found in favor of the Plaintiff, holding "that the claim held by the Plaintiff, Carla Morsey, against the Defendant, Shirley Ann Semer, be, and is hereby, determined to be a NONDISCHARGEABLE DEBT pursuant to 11 U.S.C. § 523(a)(2)(A)." (Doc. No. 26, at pg. 13). As a part of her action

Carla Morsey v. Shirley Semer
Case No. 11-3266

against the Defendant, the Plaintiff sought the entry of a monetary judgment on her claim. (Doc. No. 1, at pg. 3). For this request, the Court, although disposed to enter a monetary judgment in the Plaintiff's favor,[1] determined that the evidence presented to the Court at the Trial was inadequate to enable the Court to liquidate the Plaintiff's damages.

Based then upon this conclusion, the Court set forth in its "Decision and Order" that:

> to liquidate the Plaintiff's damages, the Plaintiff shall be required to file with the Court an itemized list setting forth her actual damages, including attorney fees, with due allowance made for the prior settlement reached with the entity performing the inspection report. The Defendant shall then be afforded the opportunity to respond to the report.

(Doc. No. 26, at pg. 12). Consistent with this determination, the Plaintiff filed a "Report of Actual Damages." (Doc. No. 27). Thereafter, the Defendant filed a timely response thereto. (Doc. No. 29).

## CLAIMS FOR DAMAGES

In her "Report of Actual Damages," the Plaintiff sought the entry of a monetary judgment totaling $56,057.80. This request was based upon the following list of itemized damages:

| | |
|---|---|
| $34,200.00 | Difference between purchase price and present value of St. Marys property |
| $ 8,750.00 | Monthly rent to Plaintiff's parents of $350.00 per month for 25 months. |
| $ 2,250.00 | Monthly rent of a storage unit at $90.00 per month for 25 months |

---

[1] In *Longo v. McLaren (In re McLaren)*, the Sixth Circuit Court of Appeals held that, as a part of proceeding to determine the dischargeability of a particular debt, a court may, upon a finding of nondischargeability, enter a monetary judgment in favor of the claimant. 3 F.3d 958, 966 (6th Cir.1993).

Page 2

Carla Morsey v. Shirley Semer
Case No. 11-3266

$13,357.90    Attorney fees through history of litigation

($2,500.00)   Deduction for settlement with residential inspector in underlying state court action

With respect to this itemized list, the Defendant raised two objections.

First, it is the Defendant's position that the damages claimed by the Plaintiff for 25 months of rental charges – representing the $350.00 per month the Plaintiff pays for rent to live with her parents and the $90.00 per month rent the Plaintiff pays to rent storage space – should be limited to a duration of six months. Second, it is the position of the Defendant that, based upon a procedural deficiency, the Plaintiff should not be entitled to recover any of the $13,357.90 sought as attorney's fees. For the reasons now explained, the first point, but not the second point, raised by the Defendant has merit.

## DISCUSSION

The basis of this Court's prior "Decision and Order," wherein it was determined that the Plaintiff suffered an injury as the result of the Defendant failing to disclose material defects in a real estate transaction, was predicated on fraud, 11 U.S.C. § 523(a)(2)(A). In so holding, the Court determined that the "Plaintiff's actual damages shall include the sum of $34,200.00, representing the difference between the purchase price of the St. Marys property ($63,500.00) and the present value of the property ($29,300.00)." (Doc. No. 26, at pg. 12). The Defendant did not contest this determination.

As here, when it is determined that an award of actual damages is proper, an injured party may also be awarded consequential damages. This species of damages is defined "as losses that do not flow directly and immediately from an injurious act, but that result indirectly from the act." *United States v. DeRosier*, 501 F.3d 888, 895 (8th Cir. 2007). In this matter, the Court found an award of consequential damages to be appropriate, setting forth that the Plaintiff "shall be entitled

Page 3

to her out-of-pocket expenses, including the monthly rent the Plaintiff pays to her parents ($350.00) and the monthly rent the Plaintiff pays to lease a storage unit ($90.00)." (Doc. No. 26, at pg. 12).

An award of consequential damages, however, is limited by the equitable doctrine of mitigation. *See, e.g., Bank of N.Y. v. Amoco Oil Co.*, 35 F.3d 643, 659–60 (2nd Cir.1994) ("Generally, the duty to mitigate is a limitation on consequential damages . . . ."). This doctrine is grounded in equity and "imposes on a party injured by either a breach of contract or a tort the duty to exercise reasonable diligence and ordinary care in attempting to minimize its damages." *Fleet National Bank v. Anchor Media Television, Inc.*, 45 F.3d 546, 561 (1st Cir.1995). Thus, as noted in this Court's "Decision and Order" regarding the Plaintiff's claim of damages for rent: "Such out-of-pocket expenses . . . shall not be allowed in perpetuity as the Plaintiff is under a duty to mitigate her damages." (Doc. No. 26, at pg. 12).

Citing to the doctrine of mitigation, it is the position of the Defendant that the Plaintiff's claim of damages for rent, representing that for storage and accommodation, should be limited to a period of six months, and not a period of 25 months as claimed by the Plaintiff. Upon consideration of the matter, this assessment seems reasonable.

The facts, as set forth in this Court's prior "Decision and Order," show that the Parties finalized their real estate transaction in May of 2010 and, that shortly afterwards, the Plaintiff discovered the defects to the property which gave rise to her claim against the Defendant. However, despite the fact that one of the defects to the property included the presence of mold, the evidence in this case does not fully support that the defects to the property, alone, rendered the property uninhabitable. Of note, no evidence was presented that the mold discovered in the property presented an immediate health hazard to the Plaintiff. Instead, it is clear that the property was only rendered uninhabitable after the Plaintiff, in anticipation of remediation, caused the property to be stripped to its skeleton.

A key component in any mitigation assessment is the foreseeability and reasonableness of the injured party's actions. *Alliant Tax Credit Fund 31-A, Ltd. v. Murphy*, Slip Copy, 2012 WL 3519463 *10 (6th Cir. 2012). Under the conditions as they exist in this matter, it is reasonable to assume that the Plaintiff, having undertaken to remediate the property, would then seek to complete the needed repairs as quickly as possible. For this reason, a duration of six months, as opposed to 25 months, to complete the needed repairs to the Plaintiff's property seems to the Court to be both reasonable and foreseeable. Put differently, once the Plaintiff undertook to have her property repaired, thereby rendering the property uninhabitable, the doctrine of mitigation required her to cause the repairs to be completed in a reasonable amount of time – a period which the Court believes should be measured in months, not years.

Accordingly, the Plaintiff's claim of consequential damages for rent will be limited in these respects. First, as it concerns the rent paid to her parents for accommodation, the Plaintiff's request of a damage award in the amount of $8,750.00, will be limited to $2,100.00, a downward adjustment of $6,650.00, representing six months' rent at $350.00 per month. Likewise, the Plaintiff's claim of a damage award of $2,250.00 to rent storage space will be limited to $540.00, a downward adjustment of $1,710.00, representing six months' rent at $90.00 per month. Therefore, based upon these adjustments, the Plaintiff's claim of damages for rent will be lowered by $8,360.00. The Court now turns to address the second matter raised by the Defendant: Whether the Plaintiff is entitled to an award of legal fees?

As a part of her request for damages, the Plaintiff also seeks an award of attorney's fees in the amount of $13,357.90. In response, the Defendant argues that the fees should be disallowed based upon a procedural deficiency. Specifically, the Defendant set forth that "the amount of damages for attorney fees should be disallowed as Bankruptcy Rule 7008(b) requires that a request for an award of attorney fees shall be pleaded as a claim in the Complaint." (Doc. No. 29).

Bankruptcy Rule 7008(b), as cited by the Defendant, provides:

Page 5

Carla Morsey v. Shirley Semer
Case No. 11-3266

> (b) Attorney's fees
>
> A request for an award of attorney's fees shall be pleaded as a claim in a complaint, cross-claim, third-party complaint, answer, or reply as may be appropriate.

In accordance with Bankruptcy Rule 7008(b), therefore, a party seeking, as a part of their complaint, an award of attorney's fees must seek such an award as a part of their "claim." This Rule has no counterpart in the Federal Rules of Civil Procedure, although the Federal Rules of Civil Procedure do require that a claim for an item of special damage, which includes attorney's fees, must be "specifically stated" in the pleadings. FED.R.CIV.P. 9(g).

As used in Bankruptcy Rule 7008(b), a "claim" refers to the requirement of Federal Rule of Civil Procedure 8(a)(2), made applicable to this proceeding by Bankruptcy Rule 7008(a). Under Rule 8(a)(2), it is provided that a pleading, including a complaint,[2] must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" In turn, Federal Rule of Civil Procedure 10(b), as made applicable to this proceeding by Bankruptcy Rule 7010, provides that a "party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." As used in the Federal Rules of Procedure, a claim is to be contrasted with the requested relief, often termed a prayer for relief, with Federal Rule of Civil Procedure 8(a)(3) providing that a complaint must also set forth "a demand for the relief sought . . . ."

According to the Defendant, the Plaintiff's Complaint to Determine Dischargeability failed to comply with Bankruptcy Rule 7008(b) because "[a]lthough the Complaint requested attorney fees there was not a separate claim setting forth said claim and for that reason attorney fees should not be allowed." (Doc. No. 29). For this position, the Defendant relies on the fact that the Plaintiff, in bringing her complaint to determine dischargeability, set forth in her demand for relief that, *inter alia*:

---

[2] FED.R.CIV.P. 7(a)(1), made applicable to this proceeding by Bankruptcy Rule 7007.

Page 6

Carla Morsey v. Shirley Semer
Case No. 11-3266

> WHEREFORE . . . thus Plaintiff prays that this Court award judgment against Debtor Shirley Ann Semer for the full amount *plus attorney fees*, costs, interest, punitive damages in an amount intended to punish and make an example of Defendant, determine the debt to be nondischargeable, and grant other such relief as the Court may deem appropriate.

(Doc. No. 1, at pg. 3) (emphasis added).

As posited by the Defendant, the Plaintiff's above request for attorney's fees, being contained in her demand for relief, does not comply with Bankruptcy Rule 7008(b). The Plaintiff's request for attorney's fees in her demand for relief, thus, cannot serve as a basis to make such an award. *Hartford Police F.C.U. v. DeMaio (In re DeMaio)*, 158 B.R. 890, 892–93 (Bankr. D.Conn.1993). *See also Garcia v. Odom (In re Odom)*, 113 B.R. 623, 625 (Bankr. C.D.Cal.1990) (plaintiffs' request for fees in the form of a prayer only is deemed insufficient under Rule 7008(b)).

A review of her complaint, however, shows that the Plaintiff also sought attorney's fees as a part of her claim against the Defendant. Specifically, in paragraph 20 of her Complaint, the Plaintiff set forth:

> Debtor acted with actual malice and intent to deceive Plaintiff in making the false representations, thus entitling Plaintiff to punitive damages in an amount to be proven at trial, but in excess of One Hundred Thousand Dollars ($100,000.00), *plus attorney fees*.

(Doc. No. 1, at pg. 3) (emphasis added). The Court concludes this request for attorney fees complies with Bankruptcy Rule 7008(b), as the request qualifies as a 'pleaded claim' with the meaning of the Rule.

For an award of attorney's fees to be proper under Bankruptcy Rule 7008 it is only required that the request "be plead as a claim in a complaint . . . ." Pursuant to the Federal Rules of Procedure outlined, *supra*, the requirements of a well-pled claim are minimal, with the complainant only needing to delineate a claim in a numbered paragraph which contains "a short and plain statement

**Carla Morsey v. Shirley Semer**
Case No. 11-3266

of the claim showing that the pleader is entitled to relief[.]" In this matter, both these requirements have been satisfied. First, the Plaintiff's claim for attorney's fees was set forth in a separate paragraph, numbered 20 in her Complaint.

Second, the Plaintiff's claim for attorney's fees provides a sound legal basis for affording the Plaintiff such relief. In particular, the Plaintiff's claim for attorney's fees is coupled with allegations that the Defendant acted with actual malice and an intent to deceive the Plaintiff. For this purpose, a defendant who causes injury with actual malice and/or an intent to deceive is subject to an assessment of legal fees, contrary to the default approach, known as the American Rule, which holds that each litigant must pay his own attorney's fees, win or lose. *Hardt v. Reliance Standard Life Ins. Co.*, – U.S.– , 130 S.Ct. 2149, 2157, 176 L.Ed.2d 998 (2010); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46, 111 S.Ct. 2123, 2134, 115 L.Ed.2d 27 (1991) (an exception to the American Rule occurs "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, . . . .")

The allegations contained in paragraph 20 of the Plaintiff's complaint were, thus, sufficient to place the Defendant on notice that a judgment against her could be rendered for those attorney's fees incurred by the Plaintiff. Notice is the cornerstone of Bankruptcy Rule 7008(b), as well as this Rule as a whole which, under paragraph (a), incorporates into an adversary proceeding the notice pleading requirements of the Federal Rules of Procedure. *Fotouhi v. Mansdorf*, 427 B.R. 798, 805 (N.D.Cal. 2010). *See also Bondex Int'l, Inc. v. Hartford Accident & Indem. Co.*, 667 F.3d 669, 681 (6th Cir. 2011) (federal rules of procedure apply a notice-based standard for pleading). Accordingly, since the Plaintiff's claim, as set forth in paragraph 20 of her Complaint, was sufficient to place the Defendant on notice regarding the issue of legal fees, it follows that her claim for legal fees constitutes a well-pled claim within the meaning of Bankruptcy Rule 7008(b).

As a final matter regarding the entry of an award of attorney's fees, the Defendant set forth that in "the event the Court determines that attorney fees be allowed said attorney fees should only be allowed in an amount that is reasonable and necessary for representation in the Adversary Complaint." (Doc. No. 29, at pg. 2). The Defendant, however, did not point the Court to any specific

Page 8

fees sought by the Plaintiff which are not reasonable or which are not the result of the Defendant's actions in the Parties' real estate transaction. Without such specifics, the Court is not in a position to second-guess the billing statements submitted by Plaintiff's legal counsel. Consequently, for these reasons, the Plaintiff will be allowed legal fees against the Defendant in the sum of $13,357.80, the full amount sought.

In this matter, the Plaintiff sought the entry of a monetary judgment in her favor in the amount of $56,057.80. For those reasons explained herein, this request will be lowered by $8,360.00, to $47,697.80, representing a reduction in the rent sought by Plaintiff. In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that, pursuant to Bankruptcy Rule 9021, the Clerk, United States Bankruptcy Court, shall enter against the Defendant, Shirley Semer, and in favor of the Plaintiff, Carla Morsey, a monetary judgment in the amount of $47,697.80.

Dated: October 25, 2012

_____
Richard L. Speer
United States
Bankruptcy Judge

# CERTIFICATE OF SERVICE

Copies were mailed this 25th day of October, 2012 to:

Carla Morsey
150 Parkway Court
St. Marys, OH 45885

Timothy S. Sell
108 E. Poplar St.
Sidney, OH 45365

Shirley Ann Semer
6201 Bergner Rd.
Convoy, OH 45832

Randy Lee Reeves
973 W North St
Lima, OH 45805

                                                    /s/Diana Hernandez
                                              Deputy Clerk, U.S. Bankruptcy Court